13-4026-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         RICHARD C. WESLEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
IN RE: OLD CARCO LLC,

         <u>Debtor</u>.
- - - - - - - - - - - - - - - - - - - -X
GARY HENSON,

         <u>Appellant</u>,

         -v.-                                    No. 13-4026-bk

OLD CARCO LIQUIDATION TRUST, AS THE
SUCCESSOR TO OLD CARCO LLC, FKA
CHRYSLER LLC,

         <u>Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     MAYER MORGANROTH, Morganroth & Morganroth, PLLC, Birmingham, MI.

**FOR APPELLEE:**     JEFFREY B. ELLMAN, Jones Day, Atlanta, GA (Brian J. Murray, Jones Day, Chicago, IL, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED** and the judgment of the district court be **VACATED AND REMANDED** with directions to dismiss the action.

Gary Henson appeals from a judgment of the district court, which affirmed an order of the bankruptcy court (Bernstein, J.). The bankruptcy court denied Henson relief on two independently decisive grounds: (1) that the Supplemental Executive Retirement Plan ("SERP"), which provides benefits to certain former Chrysler LLC employees, was not an "executory" contract and could not therefore be assumed by Chrysler and affiliate debtors (collectively, "Debtors") under 11 U.S.C. § 365; and (2) that even if the SERP were "executory," Chrysler could not (as it had attempted) assume it only in part. Henson appealed only the first conclusion to the district court, which affirmed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"The irreducible constitutional minimum of standing contains three requirements," one of which is "redressability--a likelihood that the requested relief will redress the alleged injury." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03 (1998) (internal quotation marks omitted). "[A] plaintiff [must] personally . . . benefit in a tangible way from the court's intervention." Id. at 103 n.5 (internal quotation marks omitted). We have no jurisdiction over "[s]uits that promise no concrete benefit to the plaintiff." Id. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." Id. at 107.

Henson attacks the bankruptcy court's conclusion that the SERP was not executory. However, the Debtors only designated part of the SERP for assumption, and the

2

bankruptcy court ruled that such partial assumption amounted to rejection of the contract altogether.  Henson did not appeal this ruling.  It follows that, even if Henson were to prevail in his appeal and we were to hold that the SERP is an executory contract, Henson (having not contested the second ruling of the bankruptcy court) would be left with the same unsecured bankruptcy claim he has now.

Thus Henson fails to sustain his "burden of showing that he has standing," Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009), and we lack jurisdiction over his appeal.  Under these circumstances, we dismiss the appeal, vacate the district court's judgment, and remand for the district court to dismiss the appeal from the bankruptcy court's order.  See In re Chateaugay Corp., 988 F.2d 322, 327 (2d Cir. 1993); cf. Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Assoc., 747 F.3d 44, 46 (2d Cir. 2014).

We have considered all of Henson's remaining arguments and conclude that they are without merit.  The appeal is hereby DISMISSED and the judgment of the district court VACATED AND REMANDED with directions to dismiss the action.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3